United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos H. Espinoza and all others similarly situated, Plaintiffs, <br><br> v. <br><br> South Beach Associates LLC and Stefano Fritella, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 20-22873-Civ-Scola <br> ) <br> ) <br> ) |

### Order Staying Deadlines and Ordering Further Briefing

Plaintiff Carlos H. Espinoza seeks relief under the Fair Labor Standards Act for payments he says his employers, Defendants South Beach Associates LLC and Stefano Fritella, LLC, owe him for unpaid overtime wages. (Compl., ECF No. 1, 12–16.) In response, the Defendants have moved to compel arbitration. (Defs.' Mot. to Compel, ECF No. 6.) Espinoza opposes that motion, questioning, among other things, the "validity" of the parties' purported arbitration agreement. (Pl.'s Resp. at 4.) Espinoza urges the Court to conduct a trial on the issue of whether the agreement is "valid and enforceable." (*Id.* at 4–5.) In reply, the Defendants maintain the validity of the agreement based on their former manager's declaration that he witnessed Espinoza sign it and that, regardless, Espinoza was advised of the policy and manifested his assent to it by his continued employment. (Defs.' Reply at 2–3.)

Based on the briefing, the Court is unable to discern whether there is truly a genuine dispute as to any material fact concerning the formation of the arbitration agreement. *See Mason v. Midland Funding LLC*, 18-14019, 2020 WL 2466370, at *6 (11th Cir. May 13, 2020) (noting conclusory allegations or merely colorable and not significantly probative evidence are not sufficient to merit a trial on the issue of arbitration-contract formation). The Defendants initially attempted to establish the formation of the arbitration agreement by maintaining Espinoza "agreed to [its] terms when he signed the Dispute Resolution Agreement, and the parties' mutual promises, as well as Plaintiff's employment or continued employment, provided the consideration." (Defs.' Mot. at 6.) In support, the Defendants attached a copy of the parties' purported employment dispute resolution agreement to their motion. (Agmt., Ex. 1, ECF No. 6-1, 1–6.) This document includes what the Defendants say is Espinoza's electronic signature. (Agmt. at 6.) Additionally, the Defendants attached an acknowledgment form, which purportedly shows both Espinoza as well as a "manager's" signature. (Rcpt. Ackn., Ex. 1, ECF No. 6-1, 7.) That form, by its terms, expresses the signatories' certification that they have read and agree to comply with the Defendants' employee handbook, the dispute resolution

agreement, and another document. (*Id.*) In response, however, Espinoza, within a sworn affidavit, declared (1) he has "never seen the document titled 'Employment Dispute Resolution' attached to Defendants' [motion] before today"; (2) that he did not electronically sign the employment dispute resolution agreement; (3) and that the actual signature on the acknowledgment form is not his. (Pl.'s Aff., Ex. 11-1, 2.)[1] In reply, the Defendants supplied an affidavit, in which, under penalty of perjury, their former manager, Demian Maggioni, maintains he was present when Espinoza completed the process of reviewing and electronically signing both the "Staff Handbook Receipt Acknowledgement" and the "Employment Dispute Resolution form." (Maggioni Decl. ¶ 6, Ex. 1., ECF No. 12-1, 1.) Maggioni also states he personally witnessed Espinoza hand sign the receipt acknowledgement. (*Id.*)

The parties have indeed shown there is a dispute as to whether Espinoza signed the agreement, either electronically or physically. This, however, does not end the Court's inquiry as to whether a trial on the matter is necessary. This is because arbitration agreements need not be signed to be enforceable. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005) ("[T]he overwhelming weight of authority supports the view that no signature is required to meet the [Federal Arbitration Act's] 'written' requirement.") (citing *Tinder v. Pinkerton Sec.,* 305 F.3d 728 (7th Cir. 2002) where the court enforced an arbitration agreement that had been unilaterally promulgated by an employer and never signed by the employee). Under Florida law, "[a] valid contract—premised on the parties' requisite willingness to contract—may be 'manifested through written or spoken words, or inferred in whole or in part from the parties' conduct.'" *Kolodziej v. Mason,* 774 F.3d 736, 741 (11th Cir. 2014) (quoting *L & H Constr. Co. v. Circle Redmont, Inc.,* 55 So. 3d 630, 634 (Fla. 5th DCA, 2011). The Defendants, for the first time in reply, maintain, through Maggioni's sworn testimony, that Espinoza was aware of the arbitration agreement. If true, Espinoza's continued employment thereafter, which is undisputed, would then have demonstrated his assent to the agreement. *Santos v. Gen. Dynamics Aviation Servs. Corp.*, 984 So. 2d 658, 661 (Fla. 4th DCA 2008) (finding a plaintiff's continued employment after receipt of a contract sufficient to demonstrate assent to the terms of the arbitration agreement, and sufficient consideration because "the agreement

---

[1] In opposition Espinoza also complains the documents were "not translated into Spanish, which is the language he speaks." (Pl.'s Resp. at 1.) In his affidavit, Espinoza says his "native language" is Spanish. (Pl.'s Aff. at ¶ 6.) Tellingly, nowhere in his opposition does Espinoza say he cannot read and understand English. Further, Antonio Rizzi, an owner of South Beach Associates, LLC, submitted a declaration, under penalty of perjury, saying he is personally aware Espinoza "speaks and understands English." (Rizzi Decl. ¶ 4, Ex. B, ECF No. 12-1, 1.) The Court does not find a disputed issue, then, regarding Espinoza's understanding of English and, in fact, based on the briefing, finds Espinoza's raising of the issue to be misleading, if not worse.

created a mutual obligation to arbitrate"). Although Espinoza testifies, in his affidavit, that he has never seen the particular document the Defendants attached to their motion, he fails to mention, whether through inadvertence or by design, if he was otherwise aware of the arbitration agreement. If it turns out Espinoza does not dispute being aware of the arbitration agreement, there would not appear to be any occasion for the Court to hold a trial on the matter. Since the issue was raised for the first time in reply, however, the Court recognizes Espinoza has not had occasion to address this issue head on.

To resolve this issue the Court orders as follows: (1) Espinoza must confer with the Defendants regarding the Defendants' contention Espinoza was aware of the arbitration agreement (or its contents) and whether Espinoza disputes Maggioni's representation as to his awareness; (2) if Espinoza maintains he was unaware of the arbitration agreement at all, he must file a sur-reply, indicating as much, and limited to this issue, supported by sworn testimony; (3) if there is no dispute, the parties must file a joint status report regarding their agreement on that fact; (4) if the Court finds the issue of contract formation to be disputed, it will deny the Defendants' motion to compel arbitration without prejudice, allow thirty days for discovery, on this limited issue, and require the parties to submit a joint status report, including a proposed schedule regarding summary-judgment briefing, if warranted, and a trial on the issue, if necessary. The parties must confer, as set forth above, on or before **September 4, 2020**. Depending on the results of that conferral, on or before **September 9, 2020**, Espinoza must either file (a) a sur-reply, if he has a good-faith basis to do so, or (b) a joint status report.

In the meantime, the Court **stays** all other deadlines in this case. Accordingly, the Court **denies as moot** the parties' joint motion to stay deadlines and set a new schedule (**ECF No. 15**).

**Done and ordered** at Miami, Florida, on August 31, 2020.

Robert N. Scola, Jr.
United States District Judge