UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22873-RNS

CARLOS H. ESPINOZA, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiffs,

v.

SOUTH BEACH ASSOCIATES, LLC, and
STEFANO FRITTELLA, individually,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF FORMATION OF THE ARBITRATION AGREEMENT

The defendants, South Beach Associates, LLC ("South Beach") and Stefano Frittella ("Defendants"), move for entry of Summary Judgment in favor of Defendants on the issue of the formation of the arbitration agreement. Although the plaintiff, Carlos Espinoza ("Espinoza"), has denied e-signing the Dispute Resolution Agreement containing the arbitration provision or hand-signing the Receipt Acknowledgment confirming his agreement, the undisputed documentary evidence proves to the contrary. In further support, Defendants state as follows:

### Facts

1. Espinoza is a former South Beach employee who worked at Social, one of South Beach's restaurants. Demian Maggioni ("Maggioni") was the General Manager at Social at that time. [**DE 33-1**, p. 9; **DE 34-4**, p. 7]

2. Around 2015 or 2016, South Beach implemented a new onboarding system for all its restaurants and trained the restaurant managers on the new process. That process included

logging employees into the HR work cycle program, having them input their basic information, and then having them go through a number of electronic documents. The system required the employee to electronically sign each document before allowing them to move on to the next. At the end, the system would print out a Receipt Acknowledgment for the employee to sign by hand, certifying that the employee had read and electronically signed the computerized documents. [**DE 12-1**, ¶¶ 4-5, Ex.1; **DE 12-2**, Exs. 1-6; **DE 34-4**, pp. 7-10, 16-17, 21-22, 25-26, 42-46; **DE 34-6**, pp. 11-14, 25-27; **DE 34-8**, pp. 26-27]

Maggioni testified that he assisted Espinoza in migrating to the new system. Specifically, Maggioni explained that he opened the computer screen for Espinoza, explained what was going to happen, was present as Espinoza went through and e-signed the documents, and witnessed him hand-sign the Receipt Acknowledgment. Maggioni specifically recalled going through the process with Espinoza for two reasons: Espinoza was one of the managers at the restaurant; and Maggioni thought Espinoza might sue the company, so he got Espinoza's file together and gave it to one of the owners, Antonio Rizzi ("Rizzi"). Maggioni confirmed both Espinoza's and his own signature on the Receipt Acknowledgment. [**DE 34-4**, pp. 26-28, 30-42, 50-51, 55-60; **DE 34-5**]

## Memorandum of Law

The Court may determine as a matter of law that the parties entered into an arbitration agreement if "there is no genuine dispute as to any material fact" concerning the formation of such an agreement. *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). "A dispute is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Id*. (citations omitted). "The party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial." *Wheat, First Securities, Inc. v. Green*, 993 F.2d

814, 817 (11th Cir. 1993).

Espinoza has denied that he e-signed the electronic Dispute Resolution or that he hand-signed the Receipt Acknowledgment of same.  Nevertheless, the Court should grant summary judgment in favor of Defendants, as Espinoza's denials do not create a "genuine" issue of fact in light of the documentary evidence.

In support of their motion to compel arbitration, Defendants submitted a number of documents that Espinoza signed while employed by South Beach, including the Receipt Acknowledgment and his I-9 form.  [**DE 12-1**, Exs. 1-2; **DE 12-2**, Exs. 1-6]  Visual comparison of the signatures on the Receipt Acknowledgment and the I-9 form demonstrate that they are the same.  [**DE 12-2**, Exs. 1 & 5]

In his opposition to Defendants' motion to compel arbitration, Espinoza filed an affidavit swearing under oath that the signature on the Receipt Acknowledgment was "in no way" his signature and was "completely different" than his actual signature.  [**DE 17-1**, ¶ 24]  Espinoza further swore under oath that he never saw the I-9 form and that the signature on the I-9 form was not his.  [**DE 17-1**, ¶¶ 19-20]  That, however, was false:  Espinoza admitted in his response to Defendants' Request for Admissions that he <u>did</u> sign the I-9 form and that the signature was his, and he then confirmed that at his deposition.  [**DE 34-1**, pp. 37-38, 46-47, Exs. 2 & 4]  The signature on the I-9 form is the same as on the Receipt Acknowledgment.  [**DE 12-2**, Exs. 1 & 5]

Espinoza also produced his permanent resident card at his deposition and confirmed that the signature on the permanent resident card was his.  [**DE 34-1**, pp. 37-38, Ex. 1; **DE 34-3**]  That signature likewise matches his signature on the Receipt Acknowledgment.  [**DE 12-2**, Ex. 5; **DE 34-3**]  Espinoza tried to explain that away by saying that he signed his permanent resident card a long time ago.  [**DE 34-1**, p. 37]

That Espinoza's signature on the Receipt Acknowledgment is the same as the I-9 form and permanent resident card proves that Espinoza agreed to the Dispute Resolution Agreement and to arbitrate his claims. That Espinoza falsely testified about his signature on the I-9 form and tried to explain away his signature on his permanent resident card leaves no doubt.

In addition to falsely denying that the I-9 signature was his, Espinoza also swore that a co-worker, Dennis Gonzalez ("Gonzalez"), told him while they were working together at Social, that South Beach copied employees' electronic signatures from one document and inserted them on a different document. [**DE 17-1**, ¶ 26] (Apparently, Espinoza's back-up plan once the evidence proved that his signature was on the Receipt Acknowledgment was to argue that it was copied and pasted there.) However, Espinoza's testimony regarding Gonzalez' alleged statements was also false. At his deposition, Gonzalez denied knowing or hearing anything about any such practice, notwithstanding Plaintiff's counsel's multiple inquiries. [**DE 34-9**, pp. 10-11, 14-16]

Further, although Espinoza's argument is that he did not electronically sign the Dispute Resolution Agreement or sign the Receipt Acknowledgment, to the extent that he claims that there was no agreement because he did not understand what he was signing, that argument would also fail.

State law governs whether an enforceable agreement to arbitrate exists. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017). "Florida law has long held that a party to a contract is 'conclusively presumed to know and understand the contents, terms and conditions of the contract.'" *Tara Woods SPE, LLC v. Cashin*, 393 So. 2d 606 (Fla. 2nd DCA 1981) (citations omitted). "Florida adheres to the principle that a 'party has a duty to learn and know the contents of a proposed contract before [s]he signs it." *Id*. "[The] alleged inability to understand the Agreement does not vitiate her assent to the Agreement in the absence of some evidence that she

was prevented from knowing its contents." *Id*.; *see also Rocky Creek Retirement v. Estate of Fox*, 19 So. 3d 1105, 1108 (Fla. 2nd DCA 2009 ); *Otero-Ramos v. Service Finance Co., LLC*, Case. No. 19-61207-CIV-SMITH (S.D. Fla., May 1, 2020).  The undisputed documentary evidence proves that Espinoza signed the Receipt acknowledging that he had read and electronically signed for the Dispute Resolution Agreement, and would comply, and he is bound by what he signed.[1]

## Conclusion

For the reasons stated herein, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment on the Issue of Formation of the Arbitration Agreement and compel this matter to arbitration.

Date: October 27, 2020

Respectfully submitted,

By: */s/ Cathy M. Stutin*
Cathy M. Stutin
Florida Bar No.: 91156
cstutin@fisherphillips.com
Alexander Castro
Florida Bar No.: 1003630
acastro@fisherphillips.com
Fisher & Phillips LLP
450 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954)-525-8739

*Attorneys for Defendants*

---

[1] Espinoza was also less than honest regarding his English language abilities.  He has lived in the United States for 20 years—since he was 26 years old.  [**DE 34-1**, p. 5]  Although he had an interpreter for his deposition, he answered questions asked in English before the interpreter translated the questions to Spanish.  [**DE 34-1**, p. 30]  And although he initially denied that he could read any English, when confronted with the fact that he would accept and sign invoices for Social, he admitted that he could read some words—but then said he could only read the names of produce.  [**DE 34-1**, pp. 5-6]

## CERTIFICATE OF SERVICE

I hereby certify that on **October 27, 2020**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Cathy M. Stutin*
Cathy M. Stutin

## SERVICE LIST

J.H. Zidell
zabogado@aol.com
Natalie Staroschak
nstar.zidellpa@gmail.com
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: (305)-865-6766
Facsimile: (305)-865-7167
*Attorneys for Plaintiff*