United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos H. Espinoza and all others similarly situated, Plaintiffs, <br><br> v. <br><br> South Beach Associates, LLC, and Stefano Fritella, Defendants. | ) ) ) ) ) Civil Action No. 20-22873-Civ-Scola ) ) ) ) |

### Order Denying Cross Motions for Summary Judgment

Plaintiff Carlos H. Espinoza complains his former employers, Defendants South Beach Associates, LLC, and Stefano Fritella, owe him unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–216 (Compl., ECF No. 1, 12–16.) This matter is before the Court upon the Defendants' and Espinoza's respective cross-motions for summary judgment on the issue of whether the parties formed an arbitration agreement. (Defs.' Mot., ECF No. 36; Pl.'s Mot., ECF No. 39.) In their motion, the Defendants argue that no genuine dispute on the formation of an arbitration agreement exists based on their former manager's testimony that he witnessed Espinoza sign the agreement. Conversely, in his motion, Espinoza contends he never signed, nor was he ever made aware of, an arbitration agreement. He argues he is therefore entitled to summary judgment himself because the Defendants have not met their burden of proving such agreement exists. The motions, along with each party's statements of facts, are fully briefed and ripe for the Court's review. For the reasons set forth below, the Court **denies** both motions for summary judgment (**ECF Nos. 36, 39**).

1. Background

Espinoza is a former employee at Social, a restaurant owned and operated by the Defendants. Espinoza alleges that between May 2013 and December 2019, he worked an average of fifty-two hours a week, but the Defendants refused to pay him overtime wages. Accordingly, on March 11, 2020, Espinoza initiated this lawsuit seeking to recover damages for unpaid wages. In response, the Defendants moved to compel arbitration, contending that Espinoza is bound by an agreement to arbitrate. (Defs.' Mot. to Compel, ECF No. 6.) The Court denied the motion, finding Espinoza had raised a genuine issue of material fact concerning the formation of the arbitration agreement. (Order Den. Mot. to Compel, ECF No. 19.) In order to address the merits of Espinoza's claim, the Court must first determine whether an

arbitration agreement exists. And, if so, whether that arbitration agreement requires the parties arbitrate this dispute.

The Defendants contend Espinoza is bound by an agreement to arbitrate because the evidence shows Espinoza signed an acknowledgment form confirming that he had read and electronically signed an arbitration agreement. (Defs.' Mot. at 5.) The Defendants assert that around 2015 or 2016, all their restaurants introduced a new onboarding system which required all employees to access and sign several documents, including the dispute resolution agreement. (*Id.* at 1–2.) The Defendants say they trained their restaurant managers to assist employees with logging in, inputting their basic information, and clicking through documents. (*Id.* at 2.) At the end, the system would print out an acknowledgment form that the employee signed by hand. (*Id.*) The Defendants' former general manager, Damion Maggioni, testified that he assisted Espinoza with migrating to the new system and witnessed Espinoza click through the electronic documents and physically sign the acknowledgment form. (Maggioni Dep. at 25-29, Ex. D, ECF No. 34-4; Maggioni Decl. ¶ 6, Ex. E, ECF No. 34-5.) However, Espinoza claims he never completed the electronic forms, including the dispute resolution agreement, and denies physically signing the acknowledgment form. (Pl.'s Dep. 17:17–18:5, 47:12–14, Ex. A, ECF No. 33-1; Pl.'s Aff. ¶¶ 7–8, Ex. A, ECF No. 11-1.) Both parties now move for summary judgment on the issue of whether an arbitration agreement was formed.

### 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact,' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 560 U.S. 330 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). It may not weigh conflicting evidence to resolve disputed factual issues. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a

genuine issue for trial.'" *United States v. $183,791.00*, 391 Fed. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248. "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox–Jones v. Bd. of Regents of Univ. of Ga.*, 448 Fed. App'x 17, 19 (11th Cir. 2011). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (cleaned up). Thus, a court must consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *See Am. Bankers Ins. Grp.*, 408 F.3d at 1331.

### 3. Analysis

The question before the Court on the parties' cross-motions for summary judgment is whether an arbitration agreement was formed. The issue here is a prototypical dispute of fact. On the one side is Espinoza's sworn statement that he never saw, signed, or otherwise agreed to an arbitration agreement. On the other side is the Defendants' copy of the acknowledgment form with Espinoza's purported signature and testimony by a former manager attesting to the validity of Espinoza's electronic and physical signature. Based on the record and the applicable law, the Court has no difficulty concluding the parties have come forward with genuine disputes of material fact in response to each other's cross-motions for summary judgment.

As a threshold matter, "whether an arbitration agreement exists at all is simply a matter of contract." *Rodero v. Signal Fin. Co. LLC*, 365 F. Supp. 3d 1263, 1264 (S.D. Fla. 2018) (Altonaga, J.) (cleaned up). "Such a determination rests on the intent of the parties." *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). For this, the Court must apply "ordinary state-law principles that govern the formation of contracts." *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997). Since the dispute resolution agreement and the acknowledgment form was allegedly signed and executed in Florida, Florida law governs this dispute. *See Rodero*, 365 F. Supp. at 1265 (cleaned up) ("As Plaintiffs' FLSA action involves an

employment relationship in Florida and the contracts are alleged to have been signed and executed in Florida, Florida law governs whether valid arbitration agreements exist between the parties.").

The Defendants maintain the Court should enter summary judgment in their favor because the evidence of the arbitration agreement's formation is, in their minds, undisputed. (Defs.' Mot. at 1.) In support, the Defendants rely on documents purportedly signed by Espinoza while employed by the restaurant, including the acknowledgment form confirming his electronic signature of the dispute resolution agreement and a signed immigration form. (*Id.* at 3.) The Defendants assert Espinoza's purported signature on the acknowledgment form is the same as his signature on the immigration form. (*Id.*) However, the only documents Espinoza claims to have signed for the Defendants were an application for employment, denial of healthcare coverage, loan forms, and on a few occasions, proof of merchandise delivery.[1] (Pl.'s Resp. to Defs.' Stmt. ¶ 24, ECF No. 43.) Further, under penalty of perjury, Espinoza emphatically denies ever being brought into an office, logging into an office computer, or completing any onboarding forms involving the staff-employee handbook or an arbitration agreement. (Pl.'s Dep. 17:17–18:5, 47:12–14; Pl.'s Aff. ¶ 11, Ex. A, ECF No. 17-1.) Because the Court cannot weigh evidence, at this stage of the litigation, Espinoza's testimony creates a genuine dispute of material fact, and therefore the Defendants are not entitled to summary judgment.

Conversely, in his motion, Espinoza argues the Court should instead grant summary judgment in his favor because the Defendants fail to meet their burden of proving that an agreement to arbitrate existed at all. The Defendants reject Espinoza's assertion by pointing to the record. Particularly, the Defendants rely on Maggioni's testimony in which he maintains he was present when Espinoza completed the process of reviewing and electronically signing the dispute resolution agreement. (Maggioni Dep. 25:5–26:2; Maggioni Decl. ¶ 6.) Maggioni also attests he personally witnessed Espinoza hand sign the acknowledgment form. (Maggioni Dep. 29:5-11; Maggioni Decl. ¶ 6.) Again, because the Court cannot weigh the evidence at this stage of the litigation, this evidence, viewed in the light most favorable to the Defendants, creates a genuine dispute as to whether the parties formed an arbitration agreement, thus precluding summary judgment in Espinoza's favor.

Based on the parties' respective responses to the cross-motions, both Espinoza and the Defendants have handily presented evidence showing that

---

[1] The Court notes that in his opposition to the Defendants' motion to compel arbitration, Espinoza initially stated that he never saw the immigration form and that the signature on the form was not his. (Pl.'s Aff. ¶ 20, Ex. A, ECF No. 17-1.) However, it appears Espinoza later admitted and confirmed at his deposition that he did, in fact, sign the immigration form. (Pl.'s Resp. to Req. for Admis. ¶¶ 13–14, Ex. A, ECF No. 41-1; Pl.'s Dep. 37:21–38:21, Ex. A, ECF 34-1.)

there are genuine issues of material fact that can only be resolved through a trial.

### 4. Conclusion

For the reasons stated above, the Court **denies** both parties' motions for summary judgment (**ECF Nos. 36, 39**). Accordingly, this case will move forward to trial, on the limited issue of agreement formation, which, in light of the ongoing pandemic, will take place via videoconferencing.

Calendar call will take place, as already scheduled, at **9:00 a.m. on January 12, 2021**, via teleconference. The Court also specially sets the bench trial to commence at **8:30 a.m. on January 19, 2021**. The Court will provide call-in and log-in information for the calendar call and trial in a later notice.

**Done and ordered** at Miami, Florida, on December 9, 2020.

_____
Robert N. Scola, Jr.
United States District Judge