UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22873-RNS

CARLOS H. ESPINOZA, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiffs,

v.

SOUTH BEACH ASSOCIATES, LLC, and
STEFANO FRITTELLA, individually,

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, CARLOS H. ESPINOZA, and Defendants, SOUTH BEACH ASSOCIATES, LLC and STEFANO FRITELLA, (hereinafter "Parties"), pursuant to the Court's Scheduling Order and Local Rule 16.1(e), hereby file their Joint Pretrial Stipulation.

1.    Short, Concise Statement of the Case by Each Party

    A.    Plaintiff's Statement[1]

    Plaintiff never signed the subject acknowledgement form concerning arbitration nor was an agreement ever formed between the Parties relative to same. Defendants never explained the arbitration provision to Plaintiff nor do the

---

[1] This bench trial is limited to the discrete issue of contract formation only. Plaintiff has lodged unconscionability and other arguments against the application of the subject arbitration agreement applying to his underlying wage and hour claims brought pursuant to the FLSA; however, the Court has stated that it will only consider the additional arguments against the applicability of the arbitration provision if contract formation is determined to exist between the Parties. Therefore, Plaintiff preserves all of his additional arguments and objections to arbitration accordingly. Plaintiff also preserves his objection to a bench trial being conducted in lieu of a jury trial as briefed prior.

Defendants' responsible employees know what the arbitration provision means. The Defendants cannot meet *their burden* to prove that contract formation ever occurred in this case.

    B.    <u>Defendants' Statement</u>

Plaintiff signed the Dispute Resolution Agreement and acknowledged its receipt. His then-manager, Demian Maggioni, was present when Plaintiff went through the new computerized process for onboarding employees and witnessed Plaintiff's signature on the Dispute Resolution Agreement and Receipt Acknowledgment. The signature that is on the Receipt Acknowledgment is the same as the signatures that are on Plaintiff's permanent resident card and Form I-9, which Plaintiff has confirmed are his signatures.

2.    <u>Basis for Federal Jurisdiction</u>

This Court has jurisdiction over Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3.    <u>Pleadings Raising the Issues</u>

    A.    The Complaint.

    B.    Defendants' Motion to Compel Arbitration, Plaintiff's Response in Opposition, and Defendants' Reply.

4.    <u>Undisposed-of Motions and Other Matters Requiring Action by the Court</u>

    A.    At this time, there are no undisposed-of motions pending before the Court.

    B.    At this time, there are no additional matters requiring action by the Court.

5. <u>Statement of Uncontested Facts Which Should Require No Proof at Trial</u>

   A. Plaintiff was employed by South Beach Associates, LLC at its restaurant, Social, from 2013 to 2019.

   B. South Beach Associates, LLC implemented a computerized, onboarding process between late 2015 and early 2016.

   C. Demian Maggioni was Plaintiff's then-General Manager at Social.

   D. The signature on Plaintiff's permanent resident card is Plaintiff's signature.

   E. The signature on Plaintiff's Form I-9 is Plaintiff's signature.

      i. <u>Plaintiff's Statement of Facts Which Will Require No Proof at Trial</u>

         a. Plaintiff was employed by Defendants for several years before Defendants "rolled out" its new-hire computerized system form in late 2015-2016.

         b. Defendants discarded Plaintiff's entire employee file containing all original documents that Plaintiff allegedly "wet" signed sometime in late 2018.

         c. The only Managerial employee, who the Defendants contend spoke with and explained the arbitration provision to the Plaintiff, was Maggioni.

6. <u>Statement of Issues of Fact that Remain To Be Litigated</u>

   A. Whether Plaintiff electronically signed the Dispute Resolution agreement.

   B. Whether Plaintiff signed the Receipt Acknowledgment form.

   C. Whether the parties entered into an arbitration agreement.

      i. <u>Plaintiff's Statement of Issues of Fact Which Remain to Be Litigated</u>

          a. Whether Defendant, through its managerial employees, ever discussed arbitration at all with Plaintiff prior to this lawsuit being filed.

          b. Whether Defendants, through its managerial employees, knew what the arbitration meant before this lawsuit was filed.

          c. What was the Parties' intent concerning arbitration of claims before this lawsuit was filed.

7. <u>Statement of Issues of Law on Which There Is Agreement</u>

    A. The Court has personal jurisdiction over the Parties.

    B. The Court has subject-matter jurisdiction over Plaintiff's claims.

    C. The Southern District of Florida is the proper venue for this action.

    D. South Beach Associates, LLC was Plaintiff's "employer," as defined by the FLSA.

    E. Florida law applies to the issue of contract formation.

    F. It is the Defendants' burden to prove contract formation under Florida law.

8. <u>Statement of the Issues of Law Remaining for Determination by the Court on Which There is Agreement</u>

    A. Whether the parties entered into an arbitration agreement.

        a. Issues concerning the above facts to be litigated at trial, if such matters are named during the directed verdict phase of the trial.

9. <u>Trial Exhibits</u>

    A. Plaintiff's Exhibit List is attached as Exhibit "A" to this Stipulation.

    B. Defendant's Exhibit List is attached as Exhibit "B" to this Stipulation.

4

10. <u>Trial Witnesses</u>

   A. Plaintiff's Witness List is attached as Exhibit "C" to this Stipulation.

   B. Defendant's Witness List is attached as Exhibit "D" to this Stipulation.

11. <u>Estimated Time of Trial</u>

   The Parties estimate that trial will require two days.

12. <u>Attorneys' Fees</u>

   A. Plaintiff's Statement

   Plaintiff will file the appropriate motion for fees should Plaintiff prevail in his underlying claims under 29 U.S.C. 216(b) and/or Florida law. As to the issue of contract formation only, Plaintiff estimates that his attorneys' fees and costs will approximate $55,000 to $65,000 through trial and relevant post-trial motions.

   B. Defendants' Statement

   There is no right of recovery of attorneys' fees for the prevailing party on the issue of the existence of an arbitration agreement.

Respectfully submitted: December 22, 2020

| | |
|---|---|
| /s/ JH Zidell | /s/ Cathy M. Stutin |
| JH Zidell P.A. | Cathy M. Stutin |
| J.H. Zidell | Florida Bar No.: 91156 |
| Florida Bar No. 0010121 | cstutin@fisherphillips.com |
| zabogado@aol.com | Alexander Castro |
| 300 71st Street, Suite 605 | Florida Bar No.: 1003630 |
| Miami Beach, Florida 33141 | acastro@fisherphillips.com |
| Telephone: (305)-865-6766 | Fisher & Phillips LLP |
| *Attorneys for Plaintiff* | 450 East Las Olas Boulevard, Suite 800 |
| | Fort Lauderdale, Florida 33301 |
| | Telephone: (954) 525-4800 |
| | *Attorneys for Defendants* |