UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22873-RNS

CARLOS H. ESPINOZA, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiffs,

v.

SOUTH BEACH ASSOCIATES, LLC, and
STEFANO FRITTELLA, individually,

    Defendants.
_____/

## DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The defendants, South Beach Associates, LLC ("South Beach") and Stefano Frittella (collectively, "Defendants"), submit their Proposed Findings of Fact and Conclusions of Law:

### PRELIMINARY STATEMENT

On March 9, 2020, the plaintiff, Carlos Espinoza ("Plaintiff" or "Espinoza"), initiated the instant action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA") against Defendants, asserting nonpayment of overtime wages incurred while Espinoza was employed by South Beach.[1]  Defendants filed a Motion to Compel Arbitration on July 17, 2020, seeking to compel arbitration and stay the case based on Espinoza's execution of an Employee Dispute Resolution agreement with South Beach, which required the parties to resolve any employment-related disputed between the parties through binding arbitration.  [DE 6]

Espinoza opposed the motion to compel arbitration, asserting that he did not sign the

---

[1] Plaintiff filed the action in the Circuit Court in and for Miami-Dade, Florida.  Defendants removed the case to this Court on July 13, 2020.  [DE 1]

Dispute Resolution agreement or otherwise enter into any agreement to arbitrate with Defendants. The Court denied the Motion to Compel Arbitration without prejudice and set the matter for trial. [DE 19] The parties thereafter filed competing motions for summary judgment on the issue of the existence of an arbitration agreement. [DE 36; DE 39] The Court denied both motions for summary judgment and ordered that the matter proceed to trial. [DE 51]

A bench trial on the sole issue of the existence of an arbitration agreement between the parties was held on January 19, 2021. Based on the testimony of the witnesses and the documentary evidence received at the trial and admitted into evidence, the following relevant facts are found:

## FINDINGS OF FACT

1. Espinoza was employed by South Beach at Social, one of South Beach's restaurants, from 2013 to 2019.

2. Demian Maggioni ("Maggioni") was the General Manager at Social when Espinoza began working there in 2013.

3. Around 2015 or 2016, South Beach implemented a new onboarding system for all its restaurants and trained the restaurant managers on the new process.

4. That process included logging the employee into the HR work cycle program, having them input their basic information and then having them go through a number of electronic documents, including the Employee Dispute Resolution policy, which provides for binding arbitration. The system required the employee to electronically sign each document before allowing them to move on to the next. At the end, the system would print out a Receipt Acknowledgment for the employee to sign by hand, certifying that the employee had read and electronically signed the computerized documents.

5. South Beach maintained copies of employees' electronically-signed Dispute Resolution policies in its HR work cycle program.

6. Maggioni assisted Espinoza in migrating to the new system on March 3, 2016. Maggioni opened the computer screen for Espinoza, explained what was going to happen, was present as Espinoza went through and e-signed the documents, including the Dispute Resolution. Maggioni also witnessed Espinoza hand-sign the Receipt Acknowledgment, which listed the Dispute Resolution as a document that Espinoza was provided and agreed to comply with.

7. Maggioni confirmed both Espinoza's and his own signature on the Receipt Acknowledgment.

8. Maggioni specifically recalled going through the process with Espinoza because Espinoza was one of the managers at the restaurant, and because Maggioni thought Espinoza might sue the company, so he got Espinoza's file together and gave it to one of South Beach's owners, Antonio Rizzi ("Rizzi").

9. Espinoza denied that he e-signed the electronic Dispute Resolution or that he hand-signed the Receipt Acknowledgment of same.

10. Espinoza's signature on the I-9 form that he signed when he was hired by South Beach matches the signature on the Receipt Acknowledgment.

11. Espinoza initially swore under oath that he never saw the I-9 form and that the signature on the I-9 form was not his, but subsequently admitted that he did sign the I-9 form and that the signature was his.

12. Espinoza's signature on his permanent resident card also matched the signature on the Receipt Acknowledgment.

13. Based on the documentary evidence and credibility of the witness testimony, the

Court finds that Espinoza electronically signed the Dispute Resolution policy and the hand-signed the Receipt Acknowledgment.

## **CONCLUSIONS OF LAW**

1. The Court has jurisdiction over the parties and the subject matter of this case.

2. Whether an arbitration agreement exists is a matter of contract. *Rodera v. Signal Fin. Co. LLC*, 365 F. Supp.3d 1263, 1264 (S.D. Fla. 2018) (Altonaga, J.).

3. Florida contract law governs this dispute. *Id*. At 1265.

4. Under Florida law, as the party seeking enforcement, it is Defendants' burden to prove the existence of the arbitration agreement. *Palm Garden of Healthcare Holdings, LLC v. Haydu*, 209 So. 3d 636, 638 (Fla. 5th DCA 2017).

5. Defendants have met their burden of proving by the preponderance of the evidence that Espinoza signed the Dispute Resolution agreement and Receipt Acknowledgment, and that the parties thereby formed an arbitration agreement.


Date: January 5, 2021                           Respectfully submitted,


                                                           By: */s/ Cathy M. Stutin*
                                                            Cathy M. Stutin
                                                            Florida Bar No.: 91156
                                                            cstutin@fisherphillips.com
                                                            Alexander Castro
                                                            Florida Bar No.: 1003630
                                                            acastro@fisherphillips.com
                                                            Fisher & Phillips LLP
                                                            450 East Las Olas Boulevard, Suite 800
                                                            Fort Lauderdale, Florida 33301
                                                            Telephone: (954) 525-4800
                                                            Facsimile: (954)-525-8739
                                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 5, 2021**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Cathy M. Stutin*
Cathy M. Stutin

## SERVICE LIST

J.H. Zidell
zabogado@aol.com
Natalie Staroschak
nstar.zidellpa@gmail.com
Samuel C. Gold
Samgold.zidell.law@gmail.com
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: (305)-865-6766
Facsimile: (305)-865-7167

*Attorneys for Plaintiff*