UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-22873-RNS

CARLOS H. ESPINOZA, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiffs,

v.

SOUTH BEACH ASSOCIATES, LLC, and
STEFANO FRITELLA, individually,

    Defendants.
_____/

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCULSIONS OF LAW**

COMES NOW the Plaintiff, CARLOS H. ESPINOSA (hereinafter "Plaintiff") by and through undersigned counsel, pursuant to this Scheduling Order at D.E. 21, hereby files his Proposed Findings of Fact and Conclusions of Law:

### I.    FINDINGS OF FACT

The Court, after hearing trial testimony from the parties and witnesses, after observing the witnesses, finds as follows:

1. Plaintiff was never brought into an office for hiring purposes, never logged into a Human Resources computer, never completed onboarding forms and/or signed the EDR and Plaintiff was unaware in any way that any sort of arbitration agreement existed.

2. The signature that appears at the bottom of the agreement is not Plaintiff's.

3. The signature on the acknowledgement form was much dimmer in color than all the rest of the signatures [D.E. 6-1].

4. The only relevant documents Plaintiff signed for Defendant were an application for employment, denial of healthcare coverage, loan forms, and USCIS I-9 form.

5. Many of the forms attached to Antonio Rizzi's Declaration [D.E. 12-2] that were sworn by Antonio Rizzi to have been signed by Plaintiff, were disavowed/recanted by Antonio Rizzi at trial.

6. Plaintiff was never made aware of any Arbitration provision either verbally or in writing and never knew anything about the EDR.

7. Defendant's manager Antonio Rizzi and Demian Maggioni, appear to have not known the importance or meaning of the suject arbitration provision.

8. Plaintiff testified that he did not even know what an arbitration agreement was until the instant lawsuit.

9. The Defendant's managers Demian Maggioni and Antonio Rizzi (Defendant Corporate Representative), lacked credibility at trial and otherwise did not meet Defendant's burden of proving the formation of the arbitration agreement at issue.

10. Antonio Rizzi was also the custodian of personnel files including Plaintiff's.

11. Antonio Rizzi testified that he had no clue if the signature in question was that of the Plaintiff.

12. Antonio Rizzi testified that he discarded the Plaintiff's "original wet signature" by discarding his employee file in 2018.

13. Furthermore, Antonio Rizzi testified that the original [wet signed documents] for the Plaintiff disappeared.

14. Manager Demian Maggioni's testimony proved he too was unclear whether everyone signed the subject document or not.

15. Demian Maggioni testified that it was actually not Defendant's policy to destroy important documents which conflicted with Antonio Rizzi's testimony on this issue.

16. Demian Maggioni stated that he assisted Plaintiff when he allegedly signed the Employment Dispute Resolution but he testified he was not present the entire time - it's unclear if he saw him actually sign this document.

17. Demian Maggioni was in charge of explaining the arbitration provision to new hires in 2015 -2016.

18. Plaintiff was employed by Defendant in 2012 and was not a new hire when the subject arbitration agreement was rolled out in 2015-2016.

19. There are other of Defendant's former employees who also never recalled seeing or signing the Employment Dispute Resolution form or anything similar and were also never taken into an office to electronically sign documents and also were never made aware of any sort of Arbitration Agreement either verbally or in writing.

4 | P a g e

## II.   CONCLUSIONS OF LAW

" A district court considering the making of an agreement to arbitrate should give to the party denying the agreement the benefit of all reasonable doubts and inferences that may arise *Gustave v. SBE ENT Holdings, LLC,* No. 19-23961-CIV, 2020 WL 5819847, at *3 (S.D. Fla. Sept. 30, 2020). "Under Florida law, the party seeking enforcement of an arbitration agreement has the burden of establishing that an enforceable agreement exists." *Id* at 3. "The Federal Arbitration Act ("FAA") governs the validity of an arbitration agreement." It is the burden of the Defendant to establish that an enforceable agreement exists. CEFCO v. Odom, 278 So. 3d 347, 352 (Fla. Dist. Ct. App. 2019). "A Plaintiff can raise a genuine issue of fact regarding the validity of an arbitration agreement by (1) making an unequivocal denial that there was an agreement, and (2) producing evidence to substantiate the denial." *Hilton v. Fluent*, 297 F. Supp. 3d 1337, 1341 (S.D. Fla. 2018) (citation and internal quotations omitted). The threshold question of whether an arbitration agreement exists at all is "simply a matter of contract." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995). Absent such an agreement, "a court cannot compel the parties to settle their dispute in an arbitral forum." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004). The Court concludes that Defendant did not meet its burden to prove that the arbitration agreement was formed and, therefore, the Court cannot compel the Parties to arbitrate.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**Respectfully Submitted,**

J.H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FL 33141
PH: 305-865-6766
FAX: 305-865-7167

By:__/s/ *J.H. Zidell* _____
   J.H. Zidell, Esq.
   Florida Bar Number: 10121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/5/2021 TO:**

**Cathy M. Stutin at cstutin@fisherphillips.com**
**Alexander Castro at acastro@fisherphillips.com**
**Fisher & Phillips LLP**
**450 East Las Olas Boulevard, Suite 800**
**Fort Lauderdale, Florida 33301**
**Telephone: (954) 525-4800**
**Facsimile: (954)-525-8739**
**Attorneys for Defendants**

By:__/s/ *J.H. Zidell* _____
   J.H. Zidell, Esq.