United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos H. Espinoza and all others similarly situated, Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 20-22873-Civ-Scola ) |
| South Beach Associates LLC and Stefano Fritella, Defendants. | ) ) ) |

### Order Granting Motion to Compel Arbitration

Plaintiff Carlos H. Espinoza, through this Fair Labor Standards Act case, seeks damages from Defendants South Beach Associates, LLC, and Stefano Fritella for their failure to pay him overtime wages during his employment at Social, a restaurant in Miami Beach, Florida. (Compl., ECF No. 1, 12–16.) In response to the lawsuit, the Defendants filed a motion to compel arbitration, seeking to compel arbitration and stay the case based on Espinoza's alleged execution of an employee-dispute-resolution agreement with South Beach. (Defs.' 1st Mot. to Compel, ECF No. 6.) In opposing the motion, Espinoza denied ever signing an arbitration agreement or otherwise agreeing to arbitrate any claims against the Defendants. (Pl.'s Resp. to 1st Mot., ECF No. ECF No. 11.) In light of the parties' disagreement on this point, the Court determined Espinoza had raised a genuine issue of material fact concerning the formation of the purported arbitration agreement and denied the Defendants' motion to compel, without prejudice. (Order, ECF No. 19.) In doing so, and after denying the parties' cross motions for summary judgment, the Court then held a one-day bench trial on the sole issue of contract formation. After that bench trial, the Court entered a verdict and order in favor of the Defendants, finding Espinoza did sign the arbitration agreement and its associated acknowledgment form, thus establishing the formation of a contract to arbitrate. (Verdict and Order, ECF No. 65.) Consequently, the Defendants have now renewed their motion to compel arbitration. (Defs.' Renewed Mot., ECF No. 68.) Espinoza, however, continues to resist arbitration. In response to the motion to compel, he challenges, among other things, the provision of the arbitration agreement that delegates the determination of enforceability of the arbitration agreement to the arbitrator. (Pl.'s Resp. to Renewed Mot., ECF No. 70.) The Defendants have timely replied, countering that Espinoza's objections to this delegation provision miss the mark. (Defs.' Reply, ECF No. 77.) After careful review, the Court finds Espinoza's challenge to the delegation provision unavailing and, therefore, **grants** the Defendants' motion to compel arbitration. (**ECF No. 68**.)

Within the arbitration agreement at issue here is a delegation clause under which the parties delegated to the arbitrator "exclusive authority to resolve any jurisdictional and arbitration, scope, applicability, validity, enforceability, or procedural requirements" of the arbitration agreement. (Arb. Agmt. ¶6, Ex. 1 to Renewed Mot., ECF No. 68, 14.) In challenging this provision, Espinoza argues the clause (1) does not clearly and unequivocally show an agreement between the parties to "refer all 'gateway' matters to the arbitrator concerning *federal law* based claims"; and (2) is unconscionable. (Pl.'s Resp. at 4 (emphasis in original).) The Court does not find either argument convincing.

As to Espinoza's first argument, the Court agrees with the standard he enunciates: indeed, "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (cleaned up). Where the Court parts ways with Espinoza, though, is regarding his supposition that the parties' agreement to arbitrate arbitrability is not clear and unmistakable because of a choice-of-law provision, set forth in the paragraph directly preceding the delegation clause: "The law applied by an arbitrator will be the laws of the state of Florida, without regard for the conflicts of laws principles thereof." (Arb. Agmt. ¶5.) According to Espinoza, because of this clause, the agreement to arbitrate extends only to state-law claims and, therefore, necessarily precludes consideration of Espinoza's federal wage claims. (Pl.'s Resp. at 6.) Espinoza then reasons that, since the agreement precludes arbitration of his federal claims, the delegation provision can't possibly delegate authority to the arbitrator to "decide enforceability issues as to [f]ederal-law based claims." (*Id.*) Espinoza's analysis is flawed.

To begin with, the Court disagrees with Espinoza's premise that the governing-law provision precludes arbitration of his federal-wage claims. Simply identifying a particular state's law as the law to be applied by the arbitrator, does not result in rights arising under federal law being summarily disregarded. *Atkinson v. Gen. Elec. Credit Corp.*, 866 F.2d 396, 398–99 (11th Cir. 1989) ("[P]roviding that a contract is to be governed by state law does not signify the inapplicability of federal law, for a fundamental principle in our system of complex national polity mandates that the Constitution, laws, and treaties of the United States are as much a part of the law of every State as its own local laws and Constitution.") (cleaned up). Espinoza has not supplied any law supporting his theory that a boilerplate choice-of-law provision can somehow bar an arbitrator from considering federal claims. This is especially so when the agreement elsewhere pointedly identifies federal-wage claims under the FLSA as being included in the "types of claims that are covered." (Arb. Agmt. at 1; ECF No. 68, 9.) Simply put, the parties' choice-of-law provision here, identifying

Florida law as the law to be applied by the arbitrator, does not bar the application of federal law.

As to Espinoza's second argument, even if the governing-law provision did somehow strip federal claims from the parties' agreement to arbitrate, Espinoza provides no support for why this would render the delegation clause itself unconscionable. Instead, Espinoza's unconscionability arguments are all directed towards the arbitration agreement as a whole. That is, Espinoza argues that the delegation clause is unconscionable because the governing-law provision deprives him of seeking remedies for his FLSA claims. (*E.g.*, Pl.'s Reply at 6 n. 7.) But this is not an attack on the conscionability of the delegation clause; but, rather, the arbitration agreement in general. Thus, although Espinoza says he "specifically challenges the delegation provision," what he is really contesting is the scope of the arbitration agreement and the arbitrator's jurisdiction over Espinoza's FLSA claims. And these issues, in turn, are "clearly and unmistakably" reserved for the arbitrator's determination: "The Arbitrator shall have exclusive authority to resolve any jurisdictional and arbitration, scope, applicability, validity, enforceability, or procedural requirements of the [arbitration agreement]" (Arb. Agmt. ¶ 6, ECF No. 68, 14). *See Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1148 (11th Cir. 2015) (finding that a definition of "Dispute" that included "any issue concerning the validity, enforceability, or scope of this loan or the Arbitration agreement" "unambiguously commits to the arbitrator the power to determine the enforceability of the agreement to arbitrate").) Accordingly, Espinoza's challenges must be determined by the arbitrator and not the Court. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (holding that, unless a delegation provision is "challenged . . . specifically," courts "must treat it as valid . . . and must enforce it . . . , leaving any challenge to the validity of the [a]greement as a whole for the arbitrator").

Because the Court finds that the delegation provision in the parties' arbitration agreement "clearly and unmistakably" commits the issue of arbitrability to the arbitrator, the Court declines to consider Espinoza's other challenges to the jurisdiction, scope, and enforceability of the agreement. The Court notes that, along with their motion to compel arbitration, the Defendants have also requested that the Court stay these proceedings pending arbitration. Under section 3 of the Federal Arbitration Act, "the court . . . shall *on application of one of the parties* stay the trial." 9 U.S.C. § 3 (emphasis added). The Court thus finds a stay here mandatory. Further, even if the Court had discretion in choosing between dismissal or a stay, it would opt for a stay in this case. In the event the arbitrator in this case were to determine that the arbitration agreement here is invalid or inapplicable to any of the parties' disputes, this case would not be over and therefore dismissal would be

premature. Accordingly, the Court **grants** the Defendants' motion to compel (**ECF No. 68**).[1]

As such, the Court orders the parties to **submit their dispute to arbitration**. This case is **stayed** pending arbitration and the Court orders the Plaintiff to advise the Court once the arbitration is terminated or the claims at issue are otherwise resolved. In the meantime, the Clerk is directed to **administratively close** this case.

**Done and ordered** at Miami, Florida, on April 27, 2021.

Robert N. Scola, Jr.
United States District Judge

---

[1] In the final sentence of their motion, the Defendants "further request that the Court award them the attorney's fees they have incurred in having to file th[e] renewed motion." (Defs.' Renewed Mot. at 7.) The Court denies the request: it is procedurally improper as well as lacking any cited substantive support.